[Cite as *Weinsziehr v. Weinsziehr*, 2021-Ohio-1568.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

THOMAS D. WEINSZIEHR,  :
  :  Case No. 20CA1
  Plaintiff-Appellant,  :
  :
  v.  :  DECISION AND JUDGMENT
  :  ENTRY
ALICIA D. WEINSZIEHR,  :
  :  **RELEASED: 04/27/2021**
  Defendant-Appellee.  :
_____

APPEARANCES:

Thomas D. Weinsziehr, Junction City, Ohio, Appellant, pro se.

Alicia D. Weinsziehr, Lancaster, Ohio, Appellee, pro se.
_____

Wilkin, J.

{¶1} Thomas Weinsziehr ("Father") appeals the judgment entry of the Hocking County Court of Common Pleas ordering him to pay appellee Alicia Weinsziehr's ("Mother") attorney fees after finding Father in contempt of the agreed divorce decree. In his sole assignment of error, Father argues that the trial court's determination of the reasonableness of Mother's attorney's hourly rate and the time spent on Mother's contempt motion is not factually supported by the record of the case.

{¶2} We disagree and affirm the trial court's decision. The post-decree litigation at issue here focused on Father's failure to comply with the divorce decree by denying Mother parenting time with the minor children for 328 days. In addition, Father acquiesced that the hourly rate of $250 is reasonable and also that the fees billed by his counsel were reasonable. Mother's counsel's hourly

rate was also $250 and the number of hours billed were comparable to those charged by Father's counsel. Therefore, the trial court did not abuse its discretion by awarding Mother her attorney fees in the amount of $8,880.[1]

BACKGROUND

{¶3} The parties have been in continuous litigation since Father filed the complaint for divorce back in February 2016. For purposes of this appeal, we will limit our discussion to the contempt motions filed that relate to the trial court's decision ordering Father to pay Mother's attorney fees.

{¶4} On March 15, 2017, Father and Mother came before the trial court for a final uncontested divorce hearing. On said date, the parties agreed and the court ordered that Father would be designated the residential parent and legal custodian of the minor children. Mother would be designated the non-residential parent with parenting time pursuant to the "Standard Parenting Time Order" with a few exceptions. The parties abided by the parenting schedule until June 26, 2017, when Father refused to meet Mother to exchange the children for her one-week summer parenting time.

{¶5} On July 20, 2017, Mother filed a motion for contempt because Father "is not allowing [Mother] to see minor children per court orders." Simultaneously, Mother filed a motion to modify her visitation rights because Father "is not allowing [Mother] to see minor children. Children are being completely isolated. I would like visitation changed to: 50/50 custody or [Mother] to be Residential

---

[1] The magistrate awarded Mother $9,630 in attorney fees but the trial court modified the amount to $8,880 after sustaining in part Father's objection.

parent."[2]

{¶6} The next day, through counsel, Mother filed a memorandum in support of her request to modify visitation.  In her memorandum, Mother noted Father's continued failure to abide by the court's order with regard to her parenting time and that she is very concerned Father is "psychologically turning the children against her."  On October 12, 2017, Father also filed a motion for contempt for Mother's failure to pay child support and for failing to sell or refinance the marital home.  Within his motion, Father also requested that Mother's parenting time be terminated or changed to supervised visitation.

{¶7} A one-day hearing was held on August 29, 2018, addressing Mother's motions and Father's motion for contempt.  At the hearing, both parties testified on their own behalf.  The Guardian ad Litem ("GAL") testified during Mother's case-in-chief, and during his case-in-chief, Father called his girlfriend and parents as witnesses.  The magistrate took the matter under advisement and on November 18, 2018, issued a 27-page decision finding Father in contempt and ordering him to pay Mother's attorney fees:

> "5. Father admits that he disobeyed the parenting time orders of this Court. Father prevented the children from seeing Mother for almost a year.
>
> "* * *
>
> "7. Thus, Father is in contempt for violating the parenting time provisions of the parties' Agreed Decree of Divorce.
>
> "* * *
>
> "10. Mother is entitled to her attorney fees in prosecuting the contempt charge. The Court finds and concludes that Mother

---

[2] Within an hour of Mother filing her two motions, the magistrate issued the agreed judgment entry/decree of divorce based on the parties' March 15 handwritten divorce agreement.

entitled to her attorney fees of $9,630.00. Thus, Father is ordered to pay Mother $9,630.00 at the rate of $500 per month payable on the first of each month starting on January 1, 2019, on until fully paid."

**{¶8}** In reaching this conclusion, the magistrate outlined the history of the case, including Mother's previous motion in contempt filed back in 2016 because Father failed to comply with the court's summer parenting time provisions. In addition, the magistrate noted the previous GAL's concern that Father "will at some point in the future attempt to unilaterally prohibit [Mother] to have contact with the children." The magistrate also referenced the current GAL's report:

> "It appears to this GAL that Father's decision to deny all contact with Mother is not supported by the slapping incident that occurred in June of 2017, even when viewed in light of the prior violent conduct of Mother. The harm Father has done by alienating the boys from Mother far exceeds the harm that Mother inflicted by slapping their son. It does not appear to this GAL that Father is motivated to protect the boys. Father wants to be rid of Mother.
>
> "* * *
>
> "In light of observations made in this report, the GAL makes the following recommendations. It is essential in this matter that the Court insist on compliance with its Orders. Money seems to be a motivating factor for Parents. Court costs, attorney fees, GAL fees, counseling fees, child support, and other costs should be allocated as deemed appropriate by the Court with an eye toward securing future compliance of the Parents. This GAL recommends that this Court heavily sanction any party found in contempt and clearly convey to Parents how future contempts will be treated by the Court." (Emphasis deleted.)

**{¶9}** Father subsequently filed two motions objecting to the magistrate's award of attorney fees to Mother. In Father's second objection, he argued that the amount of attorney fees awarded to Mother was not supported by any factual evidence to demonstrate the reasonableness of the hourly rate or the time spent

addressing Mother's motion for contempt. Specifically, Father highlighted Mother's attorney's final bill in which "only one reference to contempt in Counsel's time records and it is combined with 'hearing prep' (10/18/17 entry). There is little proof necessary when the Plaintiff admits to denying visitation."

{¶10} The trial court overruled Father's objections as to the award of attorney fees to Mother by applying R.C. 3109.051(K), R.C. 3105.73 and caselaw from this court. The court also made critical factual findings based on the record of the case:

> "At the hearing on the contempt and parenting time motions, the Magistrate, without objection by either counsel, allowed counsel for both parties to submit updated attorney fee statements by September 21, 201[8]. On September 21, 201[8], Plaintiff's counsel submitted an itemized list of attorney fees totaling $9,266.73 at a rate of $250 per hour. Also on September 21, 201[8], Defendant's counsel submitted an itemized final billing statement of attorney fees totaling $9,630.00 at a rate of $250 per hour. Because both parties submitted bills with a $250 hour billing rate, and because that rate is becoming common in our area, this Court finds that $250 per hour is a reasonable rate in this case.

> "Although Plaintiff contends that Defendant's attorney's bill did not parse out exactly which item on that bill was for which motion, the same is true of Plaintiff's attorney's bill. Despite a lack of evidence to parse out the exact nature of each item of Defendant's attorney fees, the record as a whole reveals that the bulk of the recent litigation in this case was due to Plaintiff's refusal to obey the court's parenting time order, by keeping the children away from their mother for nearly a year. Although Plaintiff did admit to that contempt, he presented hours of evidence attempting to prove he had a good faith reason to disobey the court order.

> "* * *

> "In the instant case, Plaintiff's contempt was not intermittent; Plaintiff denied Defendant parenting time with her children for nearly a year. Although Plaintiff admitted he disobeyed the parenting time court order, he vigorously defended his actions by presenting witnesses and exhibits in an effort to show he was

justified in disobeying that court order. Plaintiff's defense of his disobedience expanded the issues before the court, and expanded the work that Defendant's counsel had to do to counter that defense. * * * The bulk of the case concerned Plaintiff's egregious contempt; Defendant's two relatively minor contempts occupied a small portion of the litigation in this case. Although the parties also filed motions to modify Defendant's parenting time, the evidence presented for and against those motions was nearly the same evidence presented for and against Plaintiff's defense to the contempt motion against him."

**{¶11}** The trial court, however, sustained Father's objection with regard to his entitlement to attorney fees because Mother was found in contempt for being one month behind in child support.  The court awarded Father $750 in attorney fees (3 hours times the hourly rate of $250) and offset that amount from what he owes Mother.  Logistically, the court also deducted 3 hours from Mother's attorney's time for defending against Father's motion for contempt and offset an additional $750 from the total award of attorney fees.  Rather than having the parties pay each other, the court ordered Father to pay Mother $8,130.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY APELLEE'S ATTORNEY FEES IN THE AMOUNT OF $9,630.

**{¶12}** Father disputes the amount of attorney fees awarded to Mother because they do not solely represent the attorney's representation on her motion for contempt.  According to Father, Mother's attorney fees also include advocating for her request for change of custody and defending against his motion for contempt.  We first note that Mother did not file an appellate brief or otherwise appear in this appeal.  Since Mother did not file a brief, App.R. 18(C) authorizes us to accept Father's statement of facts and issues as correct, and

then reverse a trial court's judgment as long as Father's brief reasonably appears to sustain such action. *See Sites v. Sites*, 4th Dist. Lawrence No. 09CA19, 2010-Ohio-2478, ¶ 13.  In the matter at hand, Father's brief does not reasonably appear to support a reversal of the trial court's contempt sanction to pay Mother's attorney fees.

{¶13} Trial courts have the authority to impose financial sanctions, including reasonable attorney fees, when a parent disobeys court orders and interferes with the other parent's parenting time.  R.C. 3109.051(K) provides:

> If any person is found in contempt of court for failing to comply with or interfering with any order or decree granting parenting time rights issued pursuant to this section or section 3109.12 of the Revised Code or companionship or visitation rights issued pursuant to this section, section 3109.11 or 3109.12 of the Revised Code, or any other provision of the Revised Code, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt, and may award reasonable compensatory parenting time or visitation to the person whose right of parenting time or visitation was affected by the failure or interference if such compensatory parenting time or visitation is in the best interest of the child.

{¶14} The imposition of sanctions for contempt, including reasonable attorney fees, is generally within the sound discretion of the trial court.  *In re Skinner*, 4th Dist. Adams No. 93CA547, 1994 WL 93149, *9 (March 23, 1994), citing *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 57, 556 N.E.2d 157 (1990).  "An abuse of discretion connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or

unconscionable attitude." *Id.* at *5, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 217 (1983).

**{¶15}** We conclude that the trial court did not abuse its discretion by finding $250 as a reasonable hourly rate and also finding the time of approximately 35.52 hours as reasonable.  We agree with the court's conclusion that although Father admitted to the contempt, he "vigorously defended his actions by presenting witnesses and exhibits in an effort to show he was justified in disobeying that court order" and that Mother's "two relatively minor contempts occupied a small portion of the litigation in this case."  The filings and hearing focused on Father's conduct of denying Mother parenting time for 328 days.

**{¶16}** We begin our analysis with the hearing held on August 29, 2018.  Mother was the first witness and her direct examination focused on Father's denial of her parenting time from June 26, 2017, to Mother's Day in 2018.  During Mother's cross-examination, out of the 18 pages of questioning, Father's counsel spent less than 2 pages asking Mother questions regarding her failure to sell or refinance the marital home.  More importantly, Father's counsel did not pose any questions to Mother about her obligation to make child support payments.

**{¶17}** The next witness was Father as if on cross-examination.  His testimony also focused on his unilateral decision to deny Mother her parenting time.  Father admitted to disobeying the agreed divorce decree.  Father continued to deny Mother parenting time even after his concern she was abusing the minor children did not result in criminal charges or an investigation by children protective services and even after the GAL issued her opinion that

Mother needed to see the children.  Father acknowledged that he did not seek termination or modification of Mother's parenting time until almost four months after he unilaterally decided to disobey the court order.

{¶18} The next witness was the GAL.  She testified that to her knowledge, no police or children protective services investigation was conducted and no charges were filed against Mother.  The GAL also confirmed that there was no requirement for Mother's parenting time with the children be supervised.  In her opinion, supervised visitation was unnecessary.  The GAL went on to testify that there is significant harm being done by the alienation that's taking place between the minor children and Mother.  The GAL asserted that Father is alienating Mother from the minor children and that the alienation was continuing even as of the date of the hearing.

{¶19} During the GAL's cross-examination and re-cross examination, Father's counsel did not pose any questions regarding child support payments or Mother's obligation to sell or refinance the marital home.  Rather, what the GAL reiterated is the prolonged consequences and harm Father's conduct has created:

> Not having had any contact with mom for that extended period of time made what was - - made what was probably something that could have been taken care of in counseling fairly easily into something that like a bomb that has to be diffused.  So yes, there were problems with mom for the way she interacted with the kids, but they were manageable and the separation I think has made this whole situation extreme as it was mismanaged.

{¶20} Next at the hearing were Father's witnesses.  Father's girlfriend and parents solely testified concerning Mother's past violent tendencies to justify

Father's behavior of denying Mother parenting time and disobeying the trial court orders.  None of Father's witnesses answered any questions regarding Mother's obligation to pay child support or the status of the marital home.  Moreover, even during Father's direct and redirect examination that spanned over 41 pages, only 3 pages were spent on Mother's obligation to pay child support and 9 pages discussed the status of the marital home.

{¶21} Moreover, Father testified that he already received his equity from the marital home and even admitted that Mother was only one month behind her child support payments.  So this did not warrant a lengthy litigation regarding Father's motion for contempt.  Therefore, the record supports the trial court's finding that the litigation focused on Father disobeying the agreed divorce decree which is the subject of Mother's motion for contempt.

{¶22} We also hold that the award of $8,880 is based on a reasonable hourly fee and reasonable hours of representation.  At the hearing, Father's counsel agreed that a final billing statement should be submitted by both counsels no later than the end of the day on September 21, 2018.  Father's counsel submitted his proposed findings of fact and conclusions of law and included a request for attorney fees.  Attached to the document was counsel's billing statement with an hourly rate of $250 and total hours of 37.13.  The total bill was $9,266.73.

{¶23} During his testimony at the hearing, Father testified his attorney's hourly rate of $250 is reasonable.  In addition, Father stated that the billing statement generated as of the date of the hearing was for the hours spent in

defending the contempt motion Mother filed against Father.  Father also asserted that his counsel's bill included discounts and was reasonable.

**{¶24}** Mother's counsel on September 21, 2018, also submitted a final billing statement that is comparable to Father's billing statement.  Mother's counsel's hourly rate was similarly $250.  Moreover, the total hours were 38.52 and the total bill was $9,630, so just shy of $400 more than Father's total attorney fees.  And as the trial court noted, Father did not file any document disputing Mother's attorney's billing statement.

**{¶25}** Accordingly, the trial court did not abuse its discretion by awarding Mother $8,880 in attorney fees with an hourly rate of $250 for 35.52 hours of representation.

CONCLUSION

**{¶26}** Having overruled Father's assignment of error, we affirm the trial court's decision requiring Father to pay Mother's attorney fees.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, P.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
    Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**