[Cite as *Sowards v. Sowards*, 2023-Ohio-2538.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| Jeanetta Sowards, | : | Case No. 22CA918 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Stephen Sowards, | : | **RELEASED 7/19/2023** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES</u>:

Joan M. Garaczkowski, Portsmouth, Ohio, for appellant.

Jeanetta Sowards, Waverly, Ohio, pro se.[1]
_____
Hess, J.

{¶1}     Stephen Sowards appeals from a "journal entry of sentence for contempt of court" issued by the Pike County Court of Common Pleas in a divorce case.  Mr. Sowards challenges the portion of the entry ordering him to pay his ex-wife for attorney fees she incurred in filing and prosecuting her contempt motion and in defending against a foreclosure action.  His sole assignment of error asserts the court erred because the attorney fees are "unreasonable, excessive, partially unrelated to the contempt itself," and have not been paid by Ms. Sowards.  For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgment.

_____

[1] Ms. Sowards did not file an appellee's brief.  On March 29, 2023, our magistrate issued an order which granted her leave to file a motion showing good cause for extending the time for the brief no later than 10 days from the filing of the order, stated that "[t]he motion shall be accompanied by the brief," and explained that if the motion and brief were not timely filed, "the matter will be submitted to the Court without further participation of the appellee."  On April 10, 2023, Ms. Sowards filed a "response" to this order but did not file a motion showing good cause for extending the time for the brief or an appellee's brief.

## I. FACTS AND PROCEDURAL HISTORY

{¶2}   In 1981, Stephen and Jeanetta Sowards married, and in 2017, Ms. Sowards filed a complaint for divorce in the Pike County Court of Common Pleas.  In December 2018, the trial court issued a divorce decree.  Relevant here, the decree stated that the Sowardses owned real estate in seven locations, that Ms. Sowards would retain three of the properties, and that Mr. Sowards would retain the other four properties. The decree stated that each party was responsible for the mortgages associated with the properties that party retained and had to "indemnify and hold" the other party "harmless against the same."

{¶3}   In February 2019, Ms. Sowards filed a "motion to cite for contempt" alleging that Mr. Sowards had violated the divorce decree by not paying mortgage debts to Vinton County National Bank ("VCNB") and WesBanco Bank, Inc. ("WesBanco").  She attached to her motion a complaint upon cognovit note that VCNB had filed against the Sowardses in the Ross County Court of Common Pleas and asserted that she expected that a judgment would immediately be rendered on the complaint.  Ms. Sowards asked the trial court to order Mr. Sowards to serve a 30-day jail sentence and pay a $250.00 fine, court costs, and her attorney fees.

{¶4}   In March 2019, the trial court found Mr. Sowards in contempt based on his admission to failing to pay the mortgage debt as ordered in the divorce decree.  In April 2019, the court conducted a hearing at which the parties informed the court that they had reached an agreement concerning disposition.  The court ordered Ms. Sowards' counsel to submit an agreed journal entry incorporating the terms of the agreement.

{¶5}   At some point, VCNB obtained a judgment against the Sowardses in Ross County, filed a certificate of such judgment with the Pike County Clerk of Courts, and then filed a foreclosure action in the trial court seeking foreclosure of a judgment lien against the three properties awarded to Ms. Sowards in the divorce decree. On June 20, 2019, Ms. Sowards filed a notice in the divorce case to inform the trial court of the foreclosure action. She asserted the foreclosure action was "seeking remedy against Plaintiff's real property, and not Defendant's collateral" and reflected a "continued violation of the Divorce Decree by the Defendant in this case, as alleged in the Plaintiff's pending Motion to Cite for Contempt * * *."

{¶6}   On June 25, 2019, the trial court, based on the agreement of the parties, ordered Mr. Sowards to serve 30 days in jail for his contempt.  The court suspended the sentence and gave him an opportunity to purge the contempt by curing the default in the loans with VCNB and WesBanco on or before July 18, 2019, at 9:00 a.m. The court scheduled a hearing on imposition of sentence for that time and ordered the parties to file memorandums setting forth their requests concerning the imposition of sentence.  Among other things, Ms. Sowards requested reimbursement for attorney fees "for the defense of the foreclosure action."  Mr. Sowards asserted that he had made monthly payments to the banks for three consecutive months, that WesBanco had stated it was satisfied with his efforts, that VCNB had stated it was willing to mediate the foreclosure action, and that a mediation conference was scheduled for July 25, 2019.  He asked that the trial court defer sentencing until after the mediation.

{¶7}   The mediation resulted in an agreement between VCNB and the Sowardses which the trial court incorporated into a November 4, 2019 judgment entry filed in the

foreclosure action. The court added the properties awarded to Mr. Sowards in the divorce decree to the foreclosure action and ordered that if any properties were sold in a judicial sale, the ones awarded to Mr. Sowards in the divorce decree would be sold first, and the property Ms. Sowards used as a residence would be sold last. The entry stated that Mr. Sowards would market properties awarded to him for private sale and list them with a real estate agent assigned by VCNB. The entry also provided that if the sale proceeds and/or payments made to VCNB were sufficient to cure the default, the foreclosure action would be stayed as long as regular monthly payments were being made. In addition, the entry provided that any sentence imposed on Mr. Sowards for contempt in the divorce case would be stayed for 150 days.

{¶8} In September 2020, the trial court conducted a status conference at which VCNB represented that the realtor had informed it that Mr. Sowards was unwilling to list his properties for sale. VCNB indicated it intended to file a motion requesting the court to order judicial sales of the subject properties. Evidently after this conference, Ms. Sowards paid the balance owed to VCNB under the mistaken belief that her residence would be sold if she did not do so, and on March 4, 2021, VCNB filed a notice of voluntary dismissal of its claims in the foreclosure action.

{¶9} In June 2022, the trial court conducted a hearing on the imposition of sentence on Mr. Sowards for contempt. Afterwards, the court issued a journal entry finding that as part of the sentence, Mr. Sowards "should be required to contribute toward the reasonable attorney fees incurred by" Ms. Sowards "in her defense of [VCNB's] foreclosure action" and "in the prosecution of her motion to cite for contempt of court in the present action, if an itemization of those attorney fees can be obtained and submitted

for the Court's consideration." The court set deadlines for Ms. Sowards to file itemized statements and for Mr. Sowards to respond.

{¶10} Initially, Ms. Sowards filed a receipt and two timesheets. Mr. Sowards filed a response arguing that the receipt related to a contempt motion he had filed against Ms. Sowards and that the court had already held each party was responsible for their own attorney fees in connection with that motion. He argued that the timesheets were not "verified, notarized, or attested to," that there was "no indication" of where they came from or who authored them, and that Ms. Sowards provided "absolutely no verification of actual [a]ttorney fees expended by her." Therefore, he asserted that the trial court should not award attorney fees based on her filing.

{¶11} The trial court found that the timesheets may support a finding that Ms. Sowards' counsel expended 18.9 hours on the matters about which the court had inquired. However, the timesheets did not "contain anything, such as a letterhead, signature, etc., identifying the source of each of those documents, and neither of those documents show the Court whether any of the sums shown were actually billed to Jeanetta Sowards, or, if billed, whether such bills were paid or whether the sums or a portion thereof are still owed to Jeanetta Sowards' counsel." The court stated that "[i]f an oral hearing on this issue is to be obviated," Ms. Sowards had to supplement her submissions to provide those details. The court set deadlines for Ms. Sowards to "file supplemental material addressing these deficiencies" and for Mr. Sowards to respond to her filing.

{¶12} Ms. Sowards then filed two itemized statements from Price Davis Law, LLC, which indicated that she was billed for $2,092.50 in attorney fees in connection with her

motion to cite for contempt, that she was billed for $2,497.50 in attorney fees in connection with the foreclosure action, and that those amounts were still due. Mr. Sowards filed a response asking the court to deny Ms. Sowards' request for attorney fees. He asserted that R.C. 2705.05 governs penalties for contempt and does not include attorney fees, so the trial court did not have authority to award them under that section. He observed that there are specific sections of the Ohio Revised Code which provide for attorney fees in conjunction with a contempt finding related to child support, parenting time, and spousal support but asserted those sections did not apply. He also asserted that under those sections the fees awarded must arise in relation to the act of contempt and that the trial court did not have authority to award attorney fees "for a separate Court action," i.e., the foreclosure action, "which has now been dismissed in its entirety." In addition, he asserted that it was "clear from Plaintiff's own filing she has paid zero ($0.00) [a]ttorney fees related to the two (2) actions in question."

{¶13} On November 10, 2022, the trial court issued a "journal entry of sentence for contempt of court." The court stated that it had considered the itemized statements, Mr. Sowards' response to them, and "the history of the case and relevant facts." The court observed that Mr. Sowards did "not refute" that Ms. Sowards "has incurred the attorney fees shown in the itemized statements" filed by her, that the fees "are directly related to" her defense of the foreclosure action and prosecution of her motion to cite for contempt, or "the reasonableness of such attorney fees." The court stated that "[t]he sole defense asserted by the Defendant is that the Court does not have authority to award attorney fees as a sanction for the Defendant's contempt." However, he cited "no case law in support of his asserted defense," and his defense appeared to be "contrary to a

large body of case law." The court ordered Mr. Sowards to serve a jail term of 30 consecutive days, pay a $250 fine, pay court costs related to the motion to cite for contempt, pay Ms. Sowards "the sum of $2,092.50, as and for attorney fees incurred by the Plaintiff directly related to the filing and prosecution of the Motion To Cite For Contempt filed in this action by the Plaintiff," and pay Ms. Sowards "the sum of $2,497.50, as and for attorney fees incurred by the Plaintiff directly related to the Plaintiff's defense of the foreclosure action * * *." The court deferred the jail term and fine to give Mr. Sowards an opportunity to purge himself of the contempt by paying the attorney fees to Ms. Sowards "at the former law office of Paul F. Price" and filing proof of payment on or before January 12, 2023, and by paying the court costs on or before that date. The court stated that if Mr. Sowards did not purge himself of the contempt, his service of the jail term and payment of the fine would "not relieve the Defendant of his obligation to pay to the Plaintiff the attorney fees" and that he "shall remain obligated to pay such attorney fees * * *." This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶14} Mr. Sowards presents one assignment of error: "The trial [c]ourt errored [sic] in awarding [a]ttorney fees against Appellant which were unreasonable, excessive, partially unrelated to the contempt itself, and none of which have been paid by Appellee."

## III. LAW AND ANALYSIS

{¶15} In his sole assignment of error, Mr. Sowards contends that the trial court erred in ordering him to pay attorney fees which were unreasonable, excessive, partially unrelated to the contempt itself, and not paid by Ms. Sowards. Mr. Sowards asserts that the attorney fees are "unreasonable and excessive" because: (1) "[a] review of the

transcript reveals it is void of any testimony or evidence regarding [a]ttorney fees and/or reasonableness thereof," (2) "[t]he first set of 'timesheets' " Ms. Sowards submitted was "not verified, notarized or attested to, nor was there any indication where said 'timesheets' came from or who authored same," and (3) "[t]he second set of 'timesheets' " Ms. Sowards submitted "indicated that they came from Price Davis Law, LLC (a firm which is no longer in existence), and clearly show Appellee has not incurred/paid any of the fees at issue." Mr. Sowards also asserts that "where [a]ttorney fees are statutorily provided for * * *, they are to have arose [sic] in relation to the [c]ontempt." He maintains that the attorney fees related to the foreclosure action "did not arise in relation to the [c]ontempt. While said case did deal with then marital property at issue, said case has long been dismissed/settled including Appellee's cross-claim against Appellant (which was dismissed by the Court)."

{¶16} "The imposition of sanctions for contempt, including reasonable attorney fees, is generally within the sound discretion of the trial court." *Weinsziehr v. Weinsziehr*, 4th Dist. Hocking No. 20CA1, 2021-Ohio-1568, ¶ 14. An abuse of discretion is "an unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken." *State v. Brady,* 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.

{¶17} Mr. Sowards has not demonstrated that the trial court abused its discretion. It is true that the only transcript in the record, which is from the June 2022 hearing, does not contain testimony or evidence regarding Ms. Sowards' attorney fees. However, after that hearing, the trial court determined the contempt sentence should include such fees, gave Ms. Sowards the opportunity to file itemized statements of those fees, and gave Mr.

Sowards the opportunity to respond. Mr. Sowards did not object to this procedure at the trial level and has not challenged it on appeal.

{¶18} The adequacy of the timesheets Ms. Sowards initially filed is immaterial as the trial court did not rely on them in sentencing Mr. Sowards; the trial court relied on the itemized statements Ms. Sowards subsequently filed. Mr. Sowards is correct that the itemized statements show that Ms. Sowards has not yet *paid* her attorney fees. However, that does not mean she did not *incur* the fees, i.e., that she is liable for them. *See* Merriam-Webster, https://www.merriam-webster.com/dictionary/incur (accessed July 13, 2023) (incur means "to become liable or subject to: bring down upon oneself"). At the trial level, Mr. Sowards did not argue that Ms. Sowards did not *incur* the fees in the itemized statements. The itemized statements suggest that she did as they set forth the time counsel expended and the hourly rate, indicate that Ms. Sowards was provided with a copy of the statements, and state the amounts due. Mr. Sowards cites no legal authority which supports the position that the trial court could not order him to pay Ms. Sowards for attorney fees she incurred but has not yet paid. He directs our attention to statutes involving contempt related to child support payments (R.C. 3105.21 and R.C. 3109.05), parenting time (R.C. 3109.051), and spousal support (R.C. 3105.18) which do not apply in this instance or even state that courts in such matters cannot require a contemnor to pay an adverse party's attorney fees unless that party has already paid them. And though Mr. Sowards asserts that the itemized statements came from "a firm which is no longer in existence," he did not raise that issue in the trial court, and his appellate brief does not articulate why the continued existence of the firm is significant.

**{¶19}** Mr. Sowards also cites no legal authority which supports the position that the trial court erred by ordering him to pay Ms. Sowards for attorney fees she incurred in defending the foreclosure action. He again cites to the previously mentioned statutes which do not apply in this instance. Moreover, he disregards the fact that his contempt resulted in VCNB filing the foreclosure action.

**{¶20}** Mr. Sowards has not demonstrated that the trial court erred by awarding attorney fees against him which were unreasonable, excessive, partially unrelated to the contempt, and unpaid by Ms. Sowards. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**